### GEORGE F. BROOKS *vs.* ROBERT HARRISON.

Under the statute (Gen. Statutes, tit. 38, sec. 6,) which gives a boarding-house-keeper a lien upon the personal property of a boarder kept in the house for the amount due for his board, with a right to retain the property till the debt is paid, and, in case of non payment for sixty days after due, to sell it and apply the proceeds, no special notice to the debtor of the time and place of sale is necessary.

The limitation of the statute gives the debtor sufficient notice.

The creditor must of course proceed reasonably, and without concealment or unfairness.

DEBT on a judgment, brought before a justice of the peace, and appealed by the defendant to the Court of Common Pleas of New London County, and tried to the jury in that court, on the general issue, with notice of a set-off, before *Holbrook, J.* Verdict for the defendant and motion for a new trial by the plaintiff for error in the ruling and charge of the court. The case is fully stated in the opinion.

*Pratt* and *Thresher*, in support of the motion.

*Lucas* and *Ripley*, contra.

PHELPS, J. Section 6th of title 38, on page 551 of the Revised Statutes, provides that "whenever a special agreement shall have been made between the keeper of any boarding-house, and any person boarding at such house, regarding the price of such person's board thereat, all the baggage, goods and effects of every kind by such person kept at such boarding-house shall be subject to the lien of such boarding-house-keeper for all such sums as shall be at any time due to such keeper from such person for board, and such boarding-house-keeper shall have the right to detain such baggage, goods and effects until such debt so contracted shall be fully paid; and in case of the non-payment of such debt for the period of sixty days after it is due, such boarding-house-keeper shall have the right to sell said baggage, goods and effects, or such part thereof as shall be necessary, and apply the proceeds of such sale to the payment of such debt."

In the trial of the cause it was a controverted question whether the plaintiff held the goods of the defendant under the lien given by the foregoing provision of the statutes, or under a contract of pledge expressly made by the defendant. The plaintiff claimed a statutory lien, and after the expiration of the limitation for the payment of the debt, and upon the defendant's neglect and default to make payment and thereby redeem his goods, sold them without notice to the defendant, and applied the proceeds towards the liquidation of the debt. The avails were small in amount and less than the real value of the goods, and in a suit by the plaintiff to recover the balance of his demand, the defendant sought to set-off the *actual* value of the goods sold, on the ground that the sale by the plaintiff without notice was illegal.

The court instructed the jury that " if they found there was no special agreement as claimed by the defendant, and that the plaintiff detained the goods by virtue of his lien under the statute, and that there was a special agreement as to the price of board, and that the plaintiff gave the defendant notice of the time and place of sale, and in all respects acted honestly and fairly, they should apply by way of payment only the price received for the goods ; but if they did not find that he gave the defendant *direct* notice of the time and place of sale, they might apply the real value of the goods to the payment of the plaintiff's claim " ; and further gave them *pro formâ* instruction " that such notice was necessary whether the plaintiff held the goods by special agreement or under the statute."

We think this construction of the statute erroneous. The mischief which the legislature intended to avoid was the prevention of injustice to boarding-house-keepers by transient and irresponsible and dishonest persons leaving in debt and often going beyond the reach of process and actual notice ; and the remedy designed to be afforded was to give them a lien on the baggage and other effects of the debtor in their hands which should be capable of enforcement by sale and by the application of the proceeds towards the debt.

The construction given by the court would in many cases

entirely defeat that reasonable and salutary object. Direct notice must have been intended by the court and understood by the jury to mean actual and personal notice. This might in most cases be impracticable, and in many would with the exercise of the utmost diligence be impossible, and result in the inability of the keeper of the house to avail himself of the benefit of what was intended as a lien, and at least a partial protection against loss. Besides the agreement to receive a person to board may in view of the stipulations prescribed by the statute be presumed to be largely based upon the consideration of the supposed lien, and the guaranty of security and payment which it was believed to furnish. Direct notice under all circumstances cannot from the nature of the case be within the spirit of the statute, and its letter is fully satisfied with a sale without other notice than what is implied in the limitation specified. Advertising in a newspaper, notice on the public sign-post or sent through the mail addressed to the debtor at his residence in another state, which are sufficient to warrant and uphold judgments and decrees in many important causes, would have been entirely nugatory under the instruction that was given.

A party is always entitled to his day in court, and to notice, actual or constructive, before judgment can be lawfully rendered against him, and before he can be deprived of his property, or of the possession and control of it. Due process of law, which includes either personal or legal notice, is guaranteed to every citizen by the highest constitutional sanction, and we are not disposed to impair the efficiency of that vital principle of legal protection. In the section under consideration the debtor is allowed sixty days after the maturity of the debt in which to pay it and discharge his goods from the incumbrance of the lien. If he refuses or neglects the creditor is authorized to sell. The obvious purpose in this is to make the lien in all cases available to the creditor, without which it would be of little value. The attachment of the lien, coupled with the right to sell on the expiration of a definite limitation, is in legal effect, if not in express terms, notice to the debtor that at the termination of

Ripley *v.* Merchants' National Bank.

the time fixed a sale may at the option of the creditor be made. The debtor is fairly put on inquiry and under an obligation to look after his interests and see that his property is redeemed, or, if sold, that it is not unnecessarily sacrificed. Of course the creditor must proceed reasonably and without concealment or unfairness in making the sale. In reading the statute the debtor could hardly fail to give it that interpretation, and in the absence of all requirement of other notice, would expect none to be given, and that, unless he redeemed his goods, a sale might at any time after the close of the limitation be lawfully made. And we discover no unreasonable hardship in this construction. If. a sale is made, the debtor at the most does no more than to thereby discharge a meritorious demand, and if the creditor, who can have no motive to have the goods sold below their real value, is so fortunate as to get his pay by the enforcement of his lien, he receives no more than is justly his due.

We advise that the plaintiff is entitled to a new trial.

In this opinion the other judges concurred.